# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ENVIRONMENTAL DEFENSE FUND,<br>257 Park Ave. S.<br>New York, NY 10010, | |
|      Plaintiff, | |
| v. | |
| U.S. DEPARTMENT OF THE INTERIOR,<br>1849 C Street, NW<br>Washington, DC 20240, | Civil Action No. |
| COUNCIL ON ENVIRONMENTAL<br>QUALITY,<br>730 Jackson Place, NW<br>Washington, DC 20503, | **COMPLAINT FOR DECLARATORY<br>AND INJUNCTIVE RELIEF** |
| and | |
| NATIONAL OCEANIC AND<br>ATMOSPHERIC ADMINISTRATION,<br>1401 Constitution Ave., NW, Room 5128<br>Washington, DC 20230, | |
|     Defendants. | |

In 2009, the Environmental Protection Agency ("EPA") issued the "Endangerment Finding," a determination that greenhouse gases ("GHGs") in the atmosphere threaten the public health and welfare of current and future generations, and that emissions from motor vehicles contribute to the GHG pollution that threatens public health and welfare. The Endangerment Finding is grounded in extensive scientific evidence and is foundational to efforts to reduce GHG pollution. In a January 20, 2025 Executive Order, President Trump directed the EPA Administrator to assess the "legality and continuing applicability" of the Finding, "in collaboration with the heads of any other relevant agencies." On March 12, 2025, EPA

announced that it will formally reconsider the Finding. This "reconsideration" may destabilize the Finding, constraining EPA's ability to reduce climate pollution and causing significant, harmful consequences for communities across the country, who are already experiencing the devastating effects of climate change.

To bring greater transparency regarding the new administration's directive to EPA and other agencies to assess the Endangerment Finding, Plaintiff Environmental Defense Fund ("EDF") submitted requests under the Freedom of Information Act ("FOIA") to the Department of the Interior ("DOI"), the Council on Environmental Quality ("CEQ"), and the National Oceanic and Atmospheric Administration ("NOAA") (collectively, the "Agencies"). Those requests (the "FOIA Requests") sought correspondence and records relating to the Endangerment Finding, including correspondence and records of the Agencies' transition team members and political appointees. The Agencies failed to produce records or make determinations on EDF's requests by the statutory deadlines for doing so, violating EDF's rights under FOIA and depriving the public of vital records of clear and immediate public interest.

## INTRODUCTION

1.      EDF files this action to enforce the Agencies' statutory obligations under FOIA, 5 U.S.C. § 552.

2.      On January 20, 2025, President Trump signed an Executive Order titled "Unleashing American Energy" (the "Executive Order") in which he directed the EPA Administrator, "in collaboration with the heads of any other relevant agencies," to "submit joint recommendations to the Director of [the Office of Management and Budget ("OMB")] on the legality and continuing applicability" of the Endangerment Finding. *See* Unleashing American

Energy, Exec. Order § 6(f) (Jan. 20, 2025), https://www.whitehouse.gov/presidential-actions/2025/01/unleashing-american-energy/.

3.      The Endangerment Finding is a determination issued by EPA in 2009 that is comprised of two separate findings under Section 202(a) of the Clean Air Act: first, that six GHGs in the atmosphere, including carbon dioxide and methane, threaten the public health and welfare of current and future generations; and second, that the combined emissions of these GHGs from motor vehicles contribute to the GHG pollution that threatens public health and welfare. *See* Endangerment and Cause or Contribute Findings for Greenhouse Gases Under Section 202(a) of the Clean Air Act, 74 Fed. Reg. 66,496 (Dec. 15, 2009); *see also* 42 U.S.C. § 7521(a).

4.      The Endangerment Finding is grounded in extensive scientific evidence, and challenges to its validity have been repeatedly rejected in court and by EPA. It underpins EPA's efforts to set standards to reduce harmful climate pollution and supports numerous pollution-reducing programs for the power sector, the oil and gas industry, and the motor vehicle sector. These programs have delivered critical pollution reduction benefits to Americans across the country.

5.      On March 12, 2025, EPA publicly announced that it will reconsider the Endangerment Finding. This reconsideration threatens to undermine or destabilize the Finding, putting EPA's climate pollution reduction programs—and the important benefits they deliver—at risk.

### ***DOI FOIA Request***

6.      On February 3, 2025, EDF submitted a FOIA request to DOI ("DOI FOIA Request") seeking all correspondence and records of DOI transition team members and political

appointees relating to the Endangerment Finding. Ex. A at 1-2 (Letter from Erin Murphy, EDF, to National Freedom of Information Officer, DOI). That same day, EDF received an email from DOI acknowledging receipt of the DOI FOIA Request. Ex. B (Email from DOI FOIA Office to Erin Murphy, EDF).

7.      On February 11, 2025, EDF received a letter from DOI (dated February 10, 2025) claiming a 10-workday extension of time to issue a determination on the DOI FOIA request. Ex. C at 3 (Letter from Sabrina Conway, DOI, to Erin Murphy, EDF). FOIA permits an agency to claim a 10-workday extension of its response deadline in "unusual circumstances." 5 U.S.C. § 552(a)(6)(B)(i).

8.      Under FOIA, with the 10-workday extension, DOI had 30 working days—until March 18, 2025—to make a determination on the DOI FOIA Request. *See* 5 U.S.C. § 552(a)(6)(A)(i), (a)(6)(B)(i); 43 C.F.R. §§ 2.16(a), 2.19.

9.      To date, EDF has not received DOI's determination on the DOI FOIA Request and has not received any requested records, in violation of FOIA's statutory deadlines and requirements.

### *CEQ FOIA Request*

10.      On February 3, 2025, EDF submitted a FOIA request to CEQ ("CEQ FOIA Request") seeking all correspondence and records of CEQ transition team members and political appointees relating to the Endangerment Finding. Ex. D at 1-2 (Letter from Erin Murphy, EDF, to National Freedom of Information Officer, CEQ). On February 11, 2025, EDF received an

email from CEQ acknowledging receipt of the CEQ FOIA Request. Ex. E (Email from Adrianne Day, CEQ, to Erin Murphy, EDF).

11.     Under FOIA, CEQ had 20 working days to make a determination on the FOIA Request. *See* 5 U.S.C. § 552(a)(6)(A)(i); 40 C.F.R. § 1515.6(a) (2024).[1] CEQ's February 11 email did not state the date on which it received the CEQ FOIA Request. However, even if CEQ did not receive the request until February 11, 2025, over a week after EDF sent the request, its statutory deadline to make a determination on the CEQ FOIA Request lapsed on March 12, 2025.

12.     To date, EDF has not received CEQ's determination on the CEQ FOIA Request and has not received any requested records, in violation of FOIA's statutory deadline and requirements.

### *NOAA FOIA Request*

13.     On February 3, 2025, EDF submitted a FOIA request to NOAA ("NOAA FOIA Request") seeking records related to the development of "joint recommendations" regarding the Endangerment Finding and all correspondence and records of NOAA transition team members and political appointees relating to the Endangerment Finding. Ex. F at 1-2 (Letter from Erin Murphy, EDF, to National Freedom of Information Officer, NOAA). That same day, EDF received two emails from NOAA acknowledging receipt of the NOAA FOIA Request and updating the request status to "received." Ex. G (February 3, 2025 Emails from NOAA to Erin Murphy, EDF).

---

[1] CEQ revised its FOIA regulations in early 2025, with the revisions effective February 20, 2025. 90 Fed. Reg. 6828, 6828 (Jan. 21, 2025). EDF submitted the CEQ FOIA Request prior to that date and accordingly cites to the 2024 version of the CEQ FOIA regulations in this complaint.

14.     Under FOIA, NOAA had 20 working days—until March 4, 2025—to make a determination on the FOIA Request. *See* 5 U.S.C. § 552(a)(6)(A)(i); 15 C.F.R. § 4.6(b).

15.     On March 5, 2025, one workday past the statutory deadline, EDF received a letter from NOAA again acknowledging receipt of the NOAA FOIA Request—but claiming the request was received on February 4, 2025. Ex. H at 1 (Letter from Ana Liza Malabanan, NOAA, to Erin Murphy, EDF). Despite having missed the statutory deadline, NOAA asserted it was claiming a 10-workday extension of time to issue a determination on the NOAA FOIA Request. *Id.* at 1-2. FOIA permits an agency to claim a 10-workday extension of its response deadline in "unusual circumstances." 5 U.S.C. § 552(a)(6)(B)(i). Under FOIA, even if NOAA had timely invoked its opportunity to take a 10-workday extension, its deadline to make a determination on the NOAA FOIA Request was March 18, 2025. However, NOAA stated it anticipated responding to EDF's request by March 19, 2025.

16.     To date, EDF has not received NOAA's determination on the NOAA FOIA Request and has not received any requested records, in violation of FOIA's statutory deadlines and requirements.

### *Importance of the FOIA Requests*

17.     The public, including EDF and its members, has a strong interest in any records related to the current administration's recommendations and actions to reverse or undermine the Endangerment Finding. The Agencies collaborate closely and regularly with EPA regarding vital pollution-reduction programs that rely on the Endangerment Finding, and these programs are providing enormous benefits in communities across the country.

18.     Knowledge of the extent and nature of communications with the Agencies' transition team members, political appointees, and outside stakeholders is critical for EDF, its

members, and the public to understand the Agencies' decisions relating to any reassessment of the Endangerment Finding in collaboration with EPA. The Agencies' current actions have been completely lacking in transparency, in contrast with the extensive public process that EPA undertook to develop and adopt the Endangerment Finding. EDF submitted the FOIA Requests to bring transparency to the Agencies' actions.

19.    EDF requested information from the Agencies in order to disseminate that information to EDF's members, supporters, and the general public. EDF has communicated on these issues in the past, including recently. Peter Zalzal, *Danger ahead: the Trump administration's attack on EPA's finding that climate pollution harms public health*, EDF (Feb. 14, 2025), https://blogs.edf.org/climate411/2025/02/14/danger-ahead-the-trump-administrations-attack-on-epas-finding-that-climate-pollution-harms-public-health/. EDF also plans to use its expertise to analyze the records and help the public understand their significance.

20.    The Agencies are unlawfully withholding and unreasonably delaying the release of records requested by EDF and to which EDF is lawfully entitled under FOIA, despite the records' clear salience to current agency actions with grave implications for public health and welfare.

21.    EDF seeks declaratory and injunctive relief declaring that CEQ, DOI, and NOAA have violated FOIA and an order compelling each agency to promptly release all requested records.

**JURISDICTION AND VENUE**

22.    This Court has jurisdiction over this action pursuant to FOIA, which vests jurisdiction in the U.S. District Court for the District of Columbia. 5 U.S.C. § 552(a)(4)(B). This

Court also has jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under FOIA, a federal statute.

23.    Injunctive relief is appropriate under FOIA. 5 U.S.C. § 552(a)(4)(B). Declaratory relief is appropriate under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*.

24.    Venue is proper in this judicial district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

## PARTIES

25.    Plaintiff EDF is a 501(c)(3) non-profit environmental organization dedicated to finding practical solutions to critical environmental problems through the use of law, policy, science, and economics. EDF has offices throughout the United States, including in the District of Columbia.

26.    EDF engages in extensive, daily efforts to inform the public about matters affecting environmental and energy policy, as well as about climate change science and the human health impacts of pollution. EDF has multiple channels for distributing information to the public, including through direct communication with its more than three million members and supporters, press releases, blog posts, and active engagement on social media. EDF is frequently called upon to share its expertise on important environmental issues in the popular media and in other public forums.

27.    EDF has long advocated for measures to protect communities from the harmful effects of climate change, including EPA pollution reduction programs that the Endangerment Finding supports. For example, EDF has advocated for and supported standards to reduce climate pollution from large sources such as power plants, cars and trucks, and oil and gas operations. These standards have been successful in reducing harmful climate pollution.

28.     EDF is injured by the Agencies' failure to timely produce public records that were properly requested and to which EDF is entitled under FOIA. *See Zivotofsky v. Sec'y of State,* 444 F.3d 614, 617-18 (D.C. Cir. 2006) ("The requester is injured-in-fact for standing purposes because he does not get what the statute entitles him to receive.").

29.     Defendant DOI is an executive department of the United States and is therefore an "agency" within the meaning of 5 U.S.C. § 552(f)(1) and is subject to FOIA. DOI has possession and control of the requested records and is responsible for fulfilling the DOI FOIA Request.

30.     Defendant CEQ is an establishment in the executive branch of the United States government and is therefore an "agency" within the meaning of 5 U.S.C. § 552(f)(1) and is subject to FOIA. CEQ has possession and control of the requested records and is responsible for fulfilling the CEQ FOIA Request

31.     Defendant NOAA is an establishment in the executive branch of the United States government under the Department of Commerce and is therefore an "agency" within the meaning of 5 U.S.C. § 552(f)(1) and is subject to FOIA. NOAA has possession and control of the requested records and is responsible for fulfilling the NOAA FOIA Request.

## LEGAL BACKGROUND

32.     FOIA requires a federal agency to make public records "promptly available"—subject to enumerated exemptions—to any person who makes a request that reasonably describes the records sought and complies with the agency's rules for making the request. 5 U.S.C. § 552(a)(3)(A).

33.     FOIA requires the agency to issue a determination on a FOIA request within 20 working days from the date of receipt. *Id*. § 552(a)(6)(A)(i).

34.     The agency's determination on a FOIA request shall contain (1) the agency's determination of whether to comply with the request and provide responsive records, (2) the reasons for the agency's determination, and (3) notice of the right of the requester to appeal an adverse determination to the head of the agency. *Id.*

35.     Mere notice of the agency's receipt of the request does not suffice for a "determination," nor is it enough that "within the relevant time period, the agency simply decide to later decide." *Citizens for Responsibility & Ethics in Wash. v. Fed. Election Comm'n*, 711 F.3d 180, 186 (D.C. Cir. 2013). Instead, "the agency must at least inform the requester of the scope of the documents that the agency will produce, as well as the scope of the documents that the agency plans to withhold under any FOIA exemptions." *Id.*

36.     A FOIA requester may seek "expedited processing" of a request for records, and a determination on a request for expedited processing must be made, and notice of that determination provided to the requester, within 10 days of the date of the request. 5 U.S.C. § 552(a)(6)(E)(ii)(II).

37.     FOIA allows the agency to extend the 20-working-day deadline by up to 10 additional working days for "unusual circumstances" by providing written notice to the requester that describes the "unusual circumstances" and provides the date on which the determination is expected to be issued. *Id.* § 552(a)(6)(B)(i).

38.     If the agency fails to comply with FOIA's statutory deadline for issuing a determination on a request, the requester is deemed to have exhausted its administrative remedies and may file suit against the agency. *Id.* § 552(a)(6)(C)(i).

39.     Under FOIA, an agency shall waive or reduce fees and costs incurred in responding to a FOIA request "if disclosure of the information is in the public interest because it

is likely to contribute significantly to public understanding of the operation or activities of the government and is not primarily in the commercial interest of the requester." *Id.*

§ 552(a)(4)(A)(iii).

40.     This Court interprets FOIA's fee waiver provision to require that an agency's determination on a request for a fee waiver be made within the 20-working-day period. *Pub. Citizen, Inc. v. Dep't of Educ.*, 292 F. Supp. 2d 1, 4 (D.D.C. 2003) ("[I]f the agency fails to respond to a waiver request within 20 days, the requester is deemed to have constructively exhausted administrative remedies and may seek judicial review.").

41.     The agency bears the burden to prove the legality of its actions under FOIA. 5 U.S.C. § 552(a)(4)(B).

42.     FOIA grants jurisdiction to the court "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." *Id.*

43.     Under FOIA, this Court may assess attorney fees and costs against the United States if EDF substantially prevails in this action. *Id.* § 552(a)(4)(E).

## FACTUAL BACKGROUND

### A.  Endangerment Finding

44.     In 2009, EPA made two vital findings: first, that six GHGs in the atmosphere, including carbon dioxide and methane, threaten the public health and welfare of current and future generations; and second, that the combined emissions of these GHGs from motor vehicles contribute to the GHG pollution that threatens public health and welfare. *See* Endangerment and Cause or Contribute Findings for Greenhouse Gases Under Section 202(a) of the Clean Air Act, 74 Fed. Reg. 66,496 (Dec. 15, 2009), https://www.epa.gov/sites/default/files/2021-

05/documents/federal_register-epa-hq-oar-2009-0171-dec.15-09.pdf. Together, these findings

are referred to as the "Endangerment Finding."

45.     The Endangerment Finding requires EPA to adopt standards to reduce GHG

pollution from motor vehicles, a significant contributor to overall GHG emissions in the United

States, and it likewise underpins EPA's standards that reduce harmful climate pollution from

other sectors, including standards addressing emissions from the power sector and the oil and gas

sector. EPA's GHG emissions reduction standards have been successful in reducing pollution

and delivering benefits to Americans across the country.

46.     EPA adopted the Endangerment Finding after significant public process,

including multiple opportunities for the public to give input and EPA's evaluation of more than

380,000 public comments. The Endangerment Finding is based on extensive scientific evidence

that climate pollution poses a grave threat to human health and welfare. That scientific evidence

has only become stronger in the more than 15 years since the Endangerment Finding was

adopted, with experts confirming that climate change resulting from GHG emissions is causing

extensive, and increasingly severe, harms throughout the country. *See* Letter from P. Zalzal et al.,

EDF, to Hon. Lee Zeldin, EPA, at 5-9 (Feb. 18, 2025), https://tinyurl.com/EDFLetter021825.

47.     Parties have filed legal challenges to the Endangerment Finding in the past, but—

given the extensive evidence supporting the Endangerment Finding—EPA and the courts have

uniformly rejected those efforts. *See, e.g.*, *Coal. for Responsible Regulation v. EPA*, 684 F.3d

102, 116, 126 (D.C. Cir. 2012) (rejecting challenges to the Endangerment Finding on multiple

grounds), *rev'd in part on other grounds sub nom. Util. Air Reg. Grp. v. EPA*, 573 U.S. 302

(2014); Endangerment and Cause or Contribute Findings for Greenhouse Gases Under Section

202(a) of the Clean Air Act; Final Action on Petitions, 87 Fed. Reg. 25,412 (Apr. 29, 2022);

EPA's Denial of the Petitions to Reconsider the Endangerment and Cause or Contribute Findings for Greenhouse Gases Under Section 202(a) of the Clean Air Act, 75 Fed. Reg. 49,556 (Aug. 13, 2010).

48.    Despite the long-standing nature of the Endangerment Finding, its extensive scientific support, and its manifest legality, the Executive Order directed the EPA Administrator to assess "the legality and continuing applicability" of the Endangerment Finding, "in collaboration with the heads of any other relevant agencies." *See* Exec. Order § 6(f).

49.    In late February, it was reported that EPA had completed its assessment and recommended a reversal of the Endangerment Finding. Jean Chemnick et al., *EPA moves to ditch finding that greenhouse gases cause harm*, POLITICO (Feb. 26, 2025 3:23 PM), https://www.politico.com/news/2025/02/26/epa-greenhouse-gases-00204866; Matthew Daly, *EPA head urges Trump to reconsider scientific finding that underpins climate action, AP sources say*, AP (Feb. 26, 2025 3:45 PM), https://apnews.com/article/epa-endangerment-finding-zeldin-trump-climate-change-4b34246d5ca798154af08560fd94f7b9.

50.    On March 12, 2025, EPA Administrator Zeldin announced that the agency will formally reconsider the Endangerment Finding in collaboration with "other relevant agencies," accompanied by a statement from Secretary of the Interior Doug Burgum asserting a "vision for energy dominance." EPA Press Office, *Trump EPA Kicks Off Formal Reconsideration of Endangerment Finding with Agency Partners*, EPA (Mar. 12, 2025), https://www.epa.gov/newsreleases/trump-epa-kicks-formal-reconsideration-endangerment-finding-agency-partners; *see also* EPA, Endangerment Finding One Pager (Mar. 2025), https://www.epa.gov/system/files/documents/2025-03/final-pager-endangerment.pdf.

51.     Aside from the press release and one-pager released in March 2025, EPA and the Agencies have not made any documents related to their assessment of and recommendations related to the Endangerment Finding available to the public.

**B. EDF's FOIA Request to DOI Regarding the Endangerment Finding (Request No. DOI-2025-003479)**

52.     EDF submitted the DOI FOIA Request to DOI on February 3, 2025, seeking all correspondence and records of all members of the DOI transition team and all DOI political appointees, including but not limited to fifteen specifically identified individuals, relating to the Endangerment Finding. *See* Ex. A at 1-2. EDF identified eight search terms to facilitate DOI's search. *Id.* at 2.

53.     Given fast-moving efforts by federal agencies to assess and provide recommendations to OMB regarding the Endangerment Finding, the significant impacts to federal pollution reduction programs if the Endangerment Finding were to be altered or rescinded, and EDF's strong interest in understanding and publicly sharing the basis for any efforts to destabilize or undermine the Endangerment Finding, EDF requested expedited processing of the DOI FOIA Request. *Id.* at 3-4; *see also* 5 U.S.C. § 552(a)(6)(E)(i)(I); 43 C.F.R. § 2.10, 2.20.

54.     EDF also requested a waiver of fees associated with the DOI FOIA Request. Ex. A at 4-5; *see also* 43 C.F.R. § 2.45.

55.     The same day it submitted the DOI FOIA Request, February 3, 2025, EDF received an email from DOI acknowledging receipt of the DOI FOIA Request. Ex. B.

56.     On February 11, 2025, EDF received a letter from DOI (dated February 10, 2025) assigning the DOI FOIA Request to the "normal" processing track, estimating the request would take "six to twenty workdays to process," and taking a ten-workday extension permitted by

FOIA and DOI Regulations. Ex. C at 2-3. The February 10 letter granted EDF's fee waiver request but denied EDF's request for expedited processing. *Id.* at 2, 5-6.

57.     The February 10 letter did not inform EDF of the scope of the documents that the agency will produce or the scope of the documents that the agency plans to withhold under any FOIA exemptions.

58.     The February 10 letter was not DOI's determination on the DOI FOIA Request.

59.     As of the date of filing this complaint, the DOI FOIA Public Access Link (PAL) website identifies the status of the DOI FOIA Request as "In Process" and does not provide any estimated completion date.

60.     DOI did not provide a determination on the DOI FOIA Request within the 30 workdays permitted under the circumstances, which deadline lapsed on March 18, 2025. *See* 5 U.S.C. § 552(a)(6)(A)(i), (a)(6)(B)(i); 43 C.F.R. §§ 2.16(a), 2.19.

61.     To date, DOI has not issued a determination on the DOI FOIA Request or produced any records in response to the DOI FOIA Request.

62.     The information sought in the DOI FOIA Request will be critical to understanding DOI's actions and decisions related to EPA's assessment and reconsideration of the Endangerment Finding and any subsequent agency action.

63.     DOI's failure to respond to the DOI FOIA Request within the required timeframe has prevented EDF, its members, and the general public from being fully informed and able to meaningfully engage on this issue.

**C. EDF's FOIA Request to CEQ Regarding the Endangerment Finding (Request No. FY2025-240)**

64.     EDF submitted the CEQ FOIA Request to CEQ on February 3, 2025, seeking correspondence and records of all members of the CEQ transition team and all CEQ political

appointees relating to the Endangerment Finding. *See* Ex. D at 1-2. EDF identified eight search terms to facilitate CEQ's search. *Id.* at 2.

65.    Given fast-moving efforts by federal agencies to assess and provide recommendations to OMB regarding the Endangerment Finding, the significant impacts to federal pollution reduction programs if the Endangerment Finding were to be altered or rescinded, and EDF's strong interest in understanding and publicly sharing the basis for any efforts to destabilize or undermine the Endangerment Finding, EDF requested expedited processing of the CEQ FOIA Request. *Id.* at 2-4; *see also* 5 U.S.C. § 552(a)(6)(E)(i)(I); 40 C.F.R. § 1515.7(a)(2) (2024).

66.    EDF also requested a waiver of fees associated with the CEQ FOIA Request. Ex. D at 4-5; *see also* 40 C.F.R. § 1515.15(b) (2024).

67.    On February 11, 2025, EDF received an email from CEQ acknowledging receipt of the CEQ FOIA Request, though the email did not provide a date of receipt. The email denied EDF's request for expedited processing and delayed making a fee waiver determination to a later time. Ex. E.

68.    The February 11 email did not inform EDF of the scope of the documents that the agency will produce or the scope of the documents that the agency plans to withhold under any FOIA exemptions. *See* Ex. E.

69.    The February 11 email was not CEQ's determination on the CEQ FOIA Request.

70.    The February 11 email did not purport to extend CEQ's deadline for issuing a determination on the CEQ FOIA Request.

71.     On March 21, 2025, EDF called the phone number provided in CEQ's February 11 email. CEQ did not answer the phone call and did not provide an estimated completion date for the CEQ FOIA Request.

72.     Even if CEQ did not receive the CEQ FOIA Request until February 11, CEQ did not provide a determination on the CEQ FOIA Request within FOIA's 20-working-day deadline, which lapsed on March 12, 2025 at the latest. *See* 5 U.S.C. § 552(a)(6)(A)(i); 40 C.F.R. § 1515.6(a) (2024).

73.     CEQ also did not provide EDF with notice that it was extending that deadline. *See* 5 U.S.C. § 552(a)(6)(B)(i); 40 C.F.R. § 1515.6 (2024).

74.     To date, CEQ has not issued a determination on the CEQ FOIA Request or produced any records in response to the CEQ FOIA request.

75.     The information sought in the CEQ FOIA Request will be critical to understanding CEQ's actions and decisions related to EPA's assessment and reconsideration of the Endangerment Finding and any subsequent agency action.

76.     CEQ's failure to respond to the CEQ FOIA Request within the required timeframe has prevented EDF, its members, and the general public from being fully informed and able to meaningfully engage on this issue.

**D. EDF's FOIA Request to NOAA Regarding the Endangerment Finding (Request No. DOC-NOAA-2025-000457)**

77.     EDF submitted the NOAA FOIA Request to NOAA on February 3, 2025, seeking all correspondence and records of all members of the NOAA transition team and all NOAA political appointees, including but not limited to one specifically identified individual, relating to the Endangerment Finding. *See* Ex. F at 1-2. EDF identified eight search terms to facilitate

NOAA's search. *Id.* at 2. EDF also sought all records related to the development of any "joint recommendations" regarding the Endangerment Finding. *Id.* at 1.

78.     Given fast-moving efforts by federal agencies to assess and provide recommendations to OMB regarding the Endangerment Finding, the significant impacts to federal pollution reduction programs if the Endangerment Finding were to be altered or rescinded, and EDF's strong interest in understanding and publicly sharing the basis for any efforts to destabilize or undermine the Endangerment Finding, EDF requested expedited processing of the NOAA FOIA Request. *Id.* at 2-4; *see also* 5 U.S.C. § 552(a)(6)(E)(i)(I); 15 C.F.R. § 4.6(f).

79.     EDF also requested a waiver of fees associated with the NOAA FOIA Request. Ex. F at 5-6; *see also* 15 C.F.R. § 4.11(l).

80.     The same day the NOAA FOIA Request was submitted, February 3, 2025, EDF received two emails from NOAA acknowledging receipt of the NOAA FOIA Request and updating the request status to "received." Ex. G.

81.     On March 5, 2025, twenty-one workdays after NOAA received the NOAA FOIA Request, and a day after its statutory deadline to issue a determination on the request, EDF received a letter from NOAA acknowledging receipt of the NOAA FOIA Request—though the letter claimed the request was received on February 4, 2025. Ex. H at 1. The letter expressed that NOAA would be taking a 10-workday extension of time and anticipated responding to the NOAA FOIA Request by March 19, 2025. *Id.* at 1-2.

82.     The March 5 letter did not address EDF's request for expedited processing. *See id.* The deadline for a determination on EDF's request for expedited processing lapsed ten

calendar days after NOAA's receipt of the request, on February 13, 2025. *See* 5 U.S.C.

§ 552(a)(6)(E)(ii)(I); *see also* 15 C.F.R. § 4.6(f)(4).

83.     The March 5 letter also did not address EDF's request for a fee waiver. *See* Ex. H.

The deadline for a determination on EDF's request for a fee waiver lapsed 20 workdays after

receipt of the NOAA FOIA Request, on March 4, 2025. *See Pub. Citizen, Inc.*, 292 F. Supp. 2d

at 4.

84.     The March 5 letter did not inform EDF of the scope of the documents that the

agency will produce or the scope of the documents that the agency plans to withhold under any

FOIA exemptions. *See* Ex. H.

85.     The March 5 letter was not NOAA's determination on the NOAA FOIA Request.

86.     As of the date of filing this complaint, the Department of Commerce FOIA Public

Access Link (PAL) website identifies the status of the NOAA FOIA Request as "In Process" and

does not provide any estimated completion date.

87.     Even if NOAA had timely invoked its opportunity to take a 10-workday

extension, NOAA did not provide a determination on the NOAA FOIA Request within the 30

workdays permitted under the circumstances, which deadline—properly calculated—lapsed on

March 18, 2025. *See* 5 U.S.C. § 552(a)(6)(A)(i), (a)(6)(B)(i); 15 C.F.R. § 4.6(b), (d).

88.     NOAA also did not provide a determination by March 19, 2025, the date the

agency identified as the anticipated date for its response to the NOAA FOIA Request. Ex. H at 2.

89.     To date, NOAA has not issued a determination on the NOAA FOIA Request or

produced any records in response to the NOAA FOIA request.

90.     To date, NOAA has not issued a determination on EDF's request for expedited

processing.

91.    To date, NOAA has not issued a determination on EDF's request for a fee waiver.

92.    The information sought in the NOAA FOIA Request will be critical to understanding NOAA's actions and decisions related to EPA's assessment and reconsideration of the Endangerment Finding and any subsequent agency action.

93.    NOAA's failure to respond to the NOAA FOIA Request within the required timeframe has prevented EDF, its members, and the general public from being fully informed and able to meaningfully engage on this issue.

## CLAIM FOR RELIEF

### COUNT I: VIOLATION OF THE FREEDOM OF INFORMATION ACT
### U.S. Department of the Interior

94.    EDF incorporates by reference all preceding paragraphs.

95.    Under FOIA, EDF has a statutory right to have DOI process the DOI FOIA Request in a timely manner.

96.    Under FOIA, EDF has a statutory right to obtain all non-exempt records responsive to the DOI FOIA Request.

97.    DOI failed to comply with the statutory deadline for issuing a determination on the DOI FOIA Request. *See* 5 U.S.C. § 552(a)(6)(A)(i).

98.    DOI failed to make a determination on the DOI FOIA Request from which EDF could exercise its statutory right of appeal. *See id*.

99.    DOI failed to provide a date on which it would complete action on the DOI FOIA Request. *See id.* § 552(a)(7)(B)(ii).

100.    DOI failed to timely produce all non-exempt records responsive to the DOI FOIA Request. *See id.* § 552(a)(3)(A).

101.    Unless enjoined by this Court, DOI will continue to violate EDF's legal rights to timely receive a complete set of responsive documents sought through the DOI FOIA Request.

102.    It is in the public interest for the Court to issue an injunction requiring DOI's immediate compliance with FOIA.

### COUNT II: VIOLATION OF THE FREEDOM OF INFORMATION ACT
### Council on Environmental Quality

103.    EDF incorporates by reference all preceding paragraphs.

104.    Under FOIA, EDF has a statutory right to have CEQ process the CEQ FOIA Request in a timely manner.

105.    Under FOIA, EDF has a statutory right to obtain all non-exempt records responsive to the CEQ FOIA Request.

106.    CEQ failed to comply with the statutory deadline for issuing a determination on the CEQ FOIA Request. *See* 5 U.S.C. § 552(a)(6)(A)(i).

107.    CEQ failed to make a determination on the CEQ FOIA Request from which EDF could exercise its statutory right of appeal. *See id*.

108.    CEQ failed to provide a date on which it would complete action on the CEQ FOIA Request. *See id.* § 552(a)(7)(B)(ii).

109.    CEQ failed to timely produce all non-exempt records responsive to the CEQ FOIA Request. *See id.* § 552(a)(3)(A).

110.    Unless enjoined by this Court, CEQ will continue to violate EDF's legal rights to timely receive a complete set of responsive documents sought through the CEQ FOIA Request.

111.    It is in the public interest for the Court to issue an injunction requiring CEQ's immediate compliance with FOIA.

### COUNT III: VIOLATION OF THE FREEDOM OF INFORMATION ACT
### National Oceanic and Atmospheric Administration

112.    EDF incorporates by reference all preceding paragraphs.

113.    Under FOIA, EDF has a statutory right to have NOAA process the NOAA FOIA Request in a timely manner.

114.    Under FOIA, EDF has a statutory right to obtain all non-exempt records responsive to the NOAA FOIA Request.

115.    Under FOIA, EDF has a statutory right to have NOAA make a determination on its expedited processing request.

116.    Under FOIA, EDF is entitled to have NOAA make a determination on its fee waiver request.

117.    NOAA failed to comply with the statutory deadline for issuing a determination on the NOAA FOIA Request. *See* 5 U.S.C. § 552(a)(6)(A)(i).

118.    NOAA failed to make a determination on the NOAA FOIA Request from which EDF could exercise its statutory right of appeal. *See id*.

119.    NOAA failed to timely produce all non-exempt records responsive to the NOAA FOIA Request. *See id.* § 552(a)(3)(A).

120.    NOAA failed to comply with the statutory deadline for making a determination on EDF's request for expedited processing. *See id.* § 552(a)(6)(E).

121.    NOAA failed to comply with the legal requirement to make a determination on EDF's request for a fee waiver. *See Pub. Citizen, Inc.*, 292 F. Supp. 2d at 4.

122.    Unless enjoined by this Court, NOAA will continue to violate EDF's legal rights to timely receive a complete set of responsive documents sought through the NOAA FOIA Request.

123.    It is in the public interest for the Court to issue an injunction requiring NOAA's immediate compliance with FOIA.

## REQUEST FOR RELIEF

EDF requests the following relief from the Court:

A.  Declare unlawful the Agencies' failure to provide EDF with a determination on the FOIA Requests within FOIA's deadlines.

B.  Declare unlawful the Agencies' failure to make the requested records promptly available to EDF.

C.  Declare unlawful NOAA's failure to provide EDF with a determination on its requests for expedited processing and a fee waiver within FOIA's deadlines.

D.  Order the Agencies to provide EDF with all responsive records immediately, at no charge to EDF, and in unredacted form unless an exemption is applicable and properly asserted.

E.  Order the Agencies to provide a *Vaughn* index of any responsive records or portions of records withheld under the claim of a FOIA exemption. *See Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973).

F.  Award EDF its costs and reasonable attorney fees pursuant to 5 U.S.C. § 552(a)(4)(E), 28 U.S.C. § 2412, and any other applicable law.

G.  Grant any further relief as the Court deems just and proper.

Respectfully submitted on March 24, 2025.

/s/  *Samantha R. Caravello*
SAMANTHA R. CARAVELLO (Bar ID CO0080)
NATHANIEL H. HUNT (Bar ID CO0107)
Kaplan Kirsch LLP
1675 Broadway, Suite 2300
Denver, CO  80202
Telephone: (303) 825-7000
E-mail: scaravello@kaplankirsch.com
          nhunt@kaplankirsch.com

ERIN MURPHY (Bar ID D00532)
Environmental Defense Fund
555 12th St. NW, Suite 400
Washington, D.C. 20004
Telephone: (202) 572-3525
E-mail: emurphy@edf.org

*Counsel for Environmental Defense Fund*